[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Jason Currier appeals the decision of the defendant commissioner of motor vehicles suspending his operator's license for one year pursuant to General Statutes §§ 14-111c and 14-227a. The commissioner found that the plaintiff had been convicted of driving under the influence of alcohol in the state of New Jersey. The commissioner determined that under the Driver License Compact, codified at General Statutes § 14-111c, the plaintiff was subject to a one year suspension of his operator's license. Plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the plaintiff.
The facts essential to the court's decision are fully reflected in the record and are not in dispute. On May 24, 1996, the defendant commissioner sent the plaintiff a notice stating that a hearing would be held CT Page 1663 on a report received by the department from the state of New Jersey "indicating your recent conviction for a serious motor vehicle violation in that jurisdiction." The notice referenced General Statutes § 14-111c, which requires that the commissioner "shall give the same effect to the conduct reported . . . as (the commissioner) would if such conduct had occurred in (Connecticut), in the case of convictions for . . . (2) Driving a motor vehicle while under the influence of intoxicating liquor."
The department convened the hearing on July 9, 1996. The plaintiff appeared through his attorney. The hearing officer designated by the commissioner offered in evidence a one page document identified as a "State of New Jersey Division of Motor Vehicles Out of State Driver Violation Report." The document appears to be a computer printout listing the names of four individuals and setting forth information alleging the arrest and conviction of each on various motor vehicle charges. The plaintiff's name is included, along with information indicating that he violated New Jersey Statutes § 39:004-050A and was convicted on January 24, 1996. Under the heading "Description" appears the phrase "Operate Under Influence Liq/Drugs." The document is not signed, nor is there any seal or other authentication. No cover letter or other communication from New Jersey was offered in evidence.
The plaintiff promptly and explicitly objected to the admission of the document on the ground that it is hearsay and, in the absence of any authentication, unreliable. The hearing officer overruled the objection. There was no other relevant evidence admitted.
Following the hearing, the hearing officer rendered a final decision finding that the plaintiff "was convicted in the State of New Jersey for driving under the influence of alcohol." The hearing officer also determined that such a conviction in Connecticut would result in a one year suspension of the plaintiff's driver's license. Accordingly, pursuant to § 14-111c, the commissioner suspended the plaintiff's license for one year. CT Page 1664
The plaintiff advances a variety of arguments in support of his appeal. His argument concerning the admission of the New Jersey report form, however, is dispositive.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987).
Reliability may be demonstrated in different ways: in Cassella, supra, the documents in question were sworn affidavits; in the typical drunk driving hearing, the police report on the department's A-44 form is signed by the arresting officer and sworn to under penalty of false statement; in Hickey v. Commissioner of Motor Vehicles,170 Conn. 136 (1976), the evidence of the out of state conviction consisted of photocopies of the original abstract of the court record certified by the clerk of the Maine court and a notice of suspension indicating the conviction signed by the Maine secretary of state; inPronger v. Commissioner of Motor Vehicles, decided by this court and cited by both parties, the reliability of the notice from the state of Ohio to the Connecticut department was supported by the notice to the plaintiff/driver, which he introduced in evidence and which essentially confirmed the information in the state notice.
In contrast to the examples of admissible hearsay evidence summarized above, there is nothing to affirm that the printout received by the Connecticut department in this case is a full and accurate statement of New Jersey court proceedings involving the plaintiff. In particular, there is no signature or official seal or cover letter that would indicate that the document is a true abstract of New Jersey's records pertaining to the plaintiff. Nor is there any other document, such as there was in Pronger, which would serve as independent confirmation of the information contained in the document under review. The document in question in this case is simply a computer printout which may or may not represent CT Page 1665 the final, edited and corrected record pertaining to the plaintiff. Under these circumstances, the court cannot conclude that the document is sufficiently reliable to qualify for an exception to the hearsay rule. Accordingly, it was error for the hearing officer to have admitted the document over the objection of the plaintiff.
Inasmuch as there was no other evidence to support the finding of the hearing officer, the decision may not be affirmed. The plaintiff's appeal is sustained.
MALONEY, J.